AARON D. FORD
  Attorney General
MATTHEW P. FEELEY (Bar No. 13336)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Avenue
Suite 3900
Las Vegas, Nevada  89101
(702) 486-3120 (phone)
(702) 486-3773 (fax)
Email:  mfeeley@ag.nv.gov

*Attorneys for Defendants*
*Brian Williams, Dwight Neven,*
*Marlyn Ortiz, and Vironica Banks*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRETT COMBS, | Case No. 2:18-cv-00337-JAD-BNW |
| Plaintiff, | |
| v. | **STIPULATION AND ORDER TO EXTEND DISCOVERY AND SCHEDULING DEADLINES** |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | **(First Request)** |

Plaintiff Brett Combs, *pro se*, and Defendants Brian Williams, Dwight Neven, Marlyn Ortiz, and Vironica Banks, by and through legal counsel, Nevada Attorney General Aaron D. Ford, and Deputy Attorney General Matthew Feeley, hereby submit their Stipulation and Order to Extend Discovery and Scheduling Order Deadlines (First Request) pursuant to Fed R. Civ. P. 6(b)(1) and LR 26-3 for an additional six months.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    BACKGROUND**

Plaintiff Brett Combs (Combs) filed a Civil Rights Complaint pursuant to 42 U.S.C. Section 1983 arising from events that allegedly occurred while Combs was previously incarcerated by the Nevada Department of Corrections (NDOC). Combs is presently an inmate incarcerated at USP Florence, a Federal Prison in Colorado. Defendants are current

and former employees of the NDOC. As the facility in which Combs is housed is a federal facility, it does not fall within the authority of the NDOC. None of the Defendants are associated in any way with the federal prison and undersigned counsel, Nevada State Deputy Attorney General Matthew Feeley, does not represent the federal facility or any of its employees.

Combs has been held under lockdown (presumably for security and COVID-19 related reasons) and as such Combs has allegedly not had access to his law library or the ability to send out legal mail. Additionally, Combs and undersigned counsel have had difficulty in communicating with one another. Combs represents that he may soon be transferred back to Nevada and may be assigned to a halfway house wherein he would more freely be able to litigate his case as well as communicate with undersigned counsel. As such, Combs requests, and Defendants stipulate to, this present request for an extension to the remaining scheduling deadlines.

## II.     PROCEDURAL HISTORY

On May 6, 2019, Plaintiff Brett Combs, *pro se*, filed an Amended Complaint. ECF No. 8. On June 5, 2019, this Court issued a Screening Order, wherein this action was stayed for 90 days to allow the parties an opportunity to settle their dispute by way of an Early Mediation Conference (EMC). ECF No. 9. The EMC was ultimately held on October 11, 2019 with no settlement reached. ECF No. 21.

On December 17, 2019, Defendants filed their Answer to Plaintiff's First Amended Complaint. ECF No. 28.

On June 11, 2020, the Court issued its Scheduling Order. ECF No. 32. The Court set the following dates:

| | |
|---|---|
| Amend pleadings: | August 9, 2020 |
| Close of Discovery: | September 8, 2020 |
| Discovery Motions: | September 22, 2020 |
| Dispositive motions: | October 8, 2020 |
| Joint pretrial order: | November 8, 2020. |

If dispositive motions are filed, the date for filing the joint pretrial order will be suspended until 30 days after a decision on the dispositive motions or until further order of the Court. ECF No. 32.

The parties hereby request an extension to the dates set by the current Scheduling Order.

### III. APPLICABLE LAW

Fed R. Civ. P. 6(b)(1) provides in pertinent part:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires. . .

Additionally, Local Rule 26-3 (revised April 2020) provides as follows:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:
>
> (a) A statement specifying the discovery completed;
>
> (b) A specific description of the discovery that remains to be completed;
>
> (b) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and,
>
> (c) A proposed schedule for completing all remaining discovery.

### IV. ARGUMENT

There is good cause to extend the remaining scheduling deadlines because Combs has been unable to litigate his case from the federal prison USP Florence.

### A. Meet and Confer of the Parties

Although not without difficulty, undersigned counsel has been able to recently communicate with Combs. **Exhibit A**, Declaration of Counsel, at ¶5. Combs has an outside contact by the name of Gale Sanders (Sanders). **Exhibit A** at ¶6; *see also* **Exhibit B**, email from Gale Sanders; *see also* **Exhibit C**, email from Brett Combs. Sanders is the president of Destination Freedom, a nonprofit organization created to assist prisoners. **Exhibit A** at **¶6**, *see also* **Exhibit B**, *see also* https://destination-freedom.org/about-us, last retrieved on September 15, 2020. Sanders is not an attorney and does not represent Combs. **Exhibit A** at ¶7.

Sanders contacted undersigned counsel and informed him of the service Corrlinks, an email service for federal inmates. **Exhibit A** at ¶8; *see also* **Exhibit B**. Undersigned counsel set up an account with Corrlinks and was able to exchange emails with Combs. **Exhibit A** at ¶9; *see also* **Exhibit C**. Additionally, after numerous attempts, undersigned counsel was able to set up a phone call with Combs which took place on September 10, 2020. **Exhibit A** at ¶11.

As explained in Combs' email, Combs "will stipulate to the continuance" and "I (Combs) don't get on this much (Corrlinks) because we are locked down constantly and there are 100 people trying to use 5 computers in an hour, same goes for the phones but there are only 4 of them and people get 15 minutes on them a piece." **Exhibit C**. Combs, anticipating being sent to a halfway house in Nevada, asked undersigned counsel for an extension and the parties agreed to request an additional six months. **Exhibit A** at 12-15.

### B. Information Required by Local Rule 26-4

#### a. Discovery Completed

On August 26, 2020, Combs served interrogatories on each of the defendants as well as a combined request for production of documents on the defendants. Defendants have not yet responded.

### b. Discovery that Remains to be Completed

Defendants have yet to respond to Combs' discovery requests. Additionally, the parties intend to propound additional written discovery on each other, and Defendants may depose Plaintiff in this matter.

### c. Reasons Why the Deadlines Were Not Satisfied

A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. LR 26-4. Here, the parties can show that the reasons why the deadlines were not satisfied were a result of excusable neglect.

Combs is being held in an out of state federal prison. Combs, as discussed in his attached email, has had a difficult time with the case workers, has had case workers fail to notify him of case information relating to this case as well as other cases in New Mexico (NM), he is in lock down, he rarely gets to use the computers, he rarely gets to use the phones, and he has been in and may return to quarantine. **Exhibit C**.

Undersigned counsel, a Nevada State Deputy Attorney General, is generally able to facilitate communication with inmates held by the NDOC. However, here, undersigned counsel has no such privilege or additional ability to do the same with an inmate held by a federal prison in Colorado. Combs filed a Notice of Change of Address on May 17, 2018 instructing correspondence be sent to "my attorney" Dayton Parcells III in Los Angeles, California. ECF No. 4. Dayton B. Parcells III however has not made an appearance in this matter and has never made any indication that he represents Plaintiff. Although undersigned counsel has been in contact with Gale Sanders, she is not an attorney and does not represent Combs. Although Combs communicates through Parcells and Sanders, they are not his counsel of record. Undersigned counsel has only recently been able to set up a Corrlinks account to email with Combs; however, counsel cannot send discovery, or any attachments via Corrlinks.

Combs incarceration in USP Florence in Colorado has made it difficult for both parties to conduct any discovery in this matter and the parties submit that this constitutes excusable neglect for not having done so.

### d. Proposed Schedule for Remaining Discovery and Scheduling Deadlines

The parties propose the following new discovery and scheduling deadlines:

| | |
|---|---|
| Close of Discovery: | March 15, 2021 |
| Discovery Motions: | March 29, 2021 |
| Dispositive motions: | April 8, 2021 |
| Joint pretrial order: | May 7, 2021. |

If dispositive motions are filed, the date for filing the joint pretrial order will be suspended until 30 days after a decision on the dispositive motions or until further order of the Court.

## V. CONCLUSION

Plaintiff has allegedly been unable to litigate his claims from inside a federal prison. The parties have been extremely hampered in their ability to conduct discovery. Combs and undersigned counsel have spoken on the phone and agree that a six-month extension to the scheduling deadlines is appropriate.

Dated this 16th day of September, 2020.       Dated this 16th day of September, 2020.

**IT IS ORDERED that ECF No. 34 is GRANTED in part and DENIED in part.** ECF No. 34 is granted to the extent that the parties shall be given a four month extension of the deadlines they seek to extend. It is denied to the extent that the parties seek to extend the deadlines beyond four months. The parties may seek another extension if they cannot safely complete discovery in this time.

**IT IS SO ORDERED**

**DATED:** 9:55 am, September 21, 2020

**BRENDA WEKSLER**
**UNITED STATEIS MAGISTRATED JUDGE**

---

[1] Brett Combs is unable to sign this document, however, submits that he has agreed to this extension as stated in **Exhibit B**, Email from Brett Combs.

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on September 16, 2020, I electronically filed the foregoing **STIPULATION AND ORDER TO EXTEND DISCOVERY AND SCHEDULING DEADLINES (First Request)** via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, addressed to the following:

Brett Combs
c/o Dayton B. Parcells III
Parcells Law Firm
1901 Avenue of Stars
Suite 1100
Los Angeles, California  90067-6002
*Plaintiff, Pro Se*

/s/ Cathy L. Mackerl
Cathy L. Mackerl, an employee of the
Office of the Nevada Attorney General