**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Brett Combs,

      Plaintiff

v.

Brian Williams, et al.,

      Defendants

Case No.: 2:18-cv-00337-JAD-BNW

**Order Granting Motion for Summary Judgment and Closing Case**

[ECF No. 47]

      Nevada inmate and pro se plaintiff Brett Combs brings this 42 U.S.C. § 1983 action against five High Desert State Prison officials and corrections officers for due-process violations and First Amendment retaliation. All but one of the defendants move for summary judgment, arguing that Combs failed to exhaust his administrative remedies and that that there are no genuine issues of material fact. Combs doesn't oppose the motion. Because I find that Combs failed to exhaust his administrative remedies and that no dispute of any genuine issue of material fact remains on any claim, I grant the defendants' motion for summary judgment and close this case.

**Background**[1]

      On June 10, 2016, Senior Officer Vironica Banks, with Officer Terrence Link's assistance, removed most of the items from Combs's cell after his cellmate was transferred to the hospital.[2] Combs asked to speak to a lieutenant and have an inventory conducted of his property, but both requests were denied.[3] Once Combs was allowed back inside his cell, he picked up a

---

[1] This is a summary of Combs's allegations and is not intended as findings of fact.

[2] ECF No. 8 at ¶¶ 16–23.

[3] *Id.* at ¶¶ 24–26.

towel and shower shoe and threw both in Banks's direction.[4]   The shoe landed close to Banks's foot, and she asked Combs if he meant to hit her.[5]   Combs responded that if Banks "had properly done her job, these items would not have been left in [his] cell."[6]   Both inmates' property was taken to the prison's activity room.[7]   Later that afternoon, Combs was given time to sort through the items and separate his property from his cellmate's.[8]   That same day, Banks filed a disciplinary form and charged Combs with "propelling" and "abusive language."[9]   A hearing officer later determined that Combs had not intended to strike Banks with the shoe and that the language Combs used was not abusive.[10]   Four days after the hearing, Combs was moved from level-two housing to the more restrictive level-four.[11]

Combs initiated this action in February 2018.[12]   After screening, he was left with three claims: a due-process claim against Warden Dwight Neven, Warden Brian Williams, Banks, and Link for the taking of Combs's property; a due-process claim for disciplinary segregation against Neven and Williams; and a First Amendment retaliation claim against Banks and Officer Marlyn Ortiz.[13]   All but one of the defendants, Link, now move for summary judgment on all three

---

[4] *Id.* at ¶ 27.

[5] *Id.*

[6] *Id.*

[7] *Id.* at ¶ 28.

[8] *Id.* at ¶ 32.

[9] *Id.* at ¶ 34.

[10] *Id.* at ¶ 36; ECF No. 48-1 at 34–37 (summary of disciplinary hearing).

[11] ECF No. 8 at ¶ 38.

[12] ECF No. 1.

[13] ECF No. 9.  Ortiz formerly went by the last name "Alamillo."  ECF No. 48 at 17.  "Alamillo" is the name Combs uses in his complaint.  *See, e.g.*, ECF No. 8 at 1.  I use "Ortiz" throughout this order.

1  claims.[14]  Combs filed no response to the defendants' motion, and the deadline to do so has long

2  passed.

3  **Discussion**

4        Summary judgment is appropriate when the pleadings and admissible evidence "'show

5  that there is no genuine issue as to any material fact and that the [movant] is entitled to judgment

6  as a matter of law.'"[15]  Once the moving party satisfies Federal Rule of Civil Procedure (FRCP)

7  56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the

8  party resisting summary judgment to "set forth specific facts showing that there is a genuine

9  issue for trial."[16]  The failure to oppose a motion for summary judgment does not permit the

10  court to enter summary judgment by default,[17]  but the lack of a response is not without

11  consequences.[18]  As FRCP 56(e) explains, "If a party fails . . . to properly address another party's

12  assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion"

13  and "grant summary judgment if the motion and supporting materials—including the facts

14  considered undisputed—show that the movant is entitled to it . . . ."[19]

15

16

17

18

19

20  [14] ECF No. 47.

21  [15] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

   [16] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

22  [17] *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

23  [18] *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).

   [19] Fed. R. Civ. P. 56(e)(2) & (3); *Heinemann*, 731 F.3d at 917.

**I.      Combs's due-process claim against Neven, Williams, and Banks for deprivation of property doesn't survive summary judgment.**

**A.      Neither Neven nor Williams personally participated in taking Combs's property.**

Combs alleges that Neven, Williams, Banks, and Link violated his due-process rights by removing a "significant amount" of "legal paperwork and personal property" from his cell.[20]  To prove that either Neven or Williams is liable under § 1983, "there must be a showing of personal participation in the alleged rights deprivation."[21]  Neven was the High Desert State Prison (HDSP) warden until August 2016, and Williams was his successor.[22]  "There is no respondeat superior liability under [S]ection 1983."[23]  So the wardens are only liable under § 1983 if Combs can show "culpable action, or inaction, [that] is directly attributed to them."[24]

It is undisputed that neither Neven nor Williams physically participated in the taking of Combs's property.[25]  And there is no evidence in the record that either warden directed Combs's property to be removed or oversaw the taking of Combs's property.[26]  Williams could not have done so because he was not HDSP's warden on the day Combs's property was taken.[27]  And in his sworn declaration, Neven states that he "did not give an order for [] Combs's personal

---

[20] ECF No. 8 at ¶ 30.

[21] *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).

[22] ECF No. 48 at 10.

[23] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 680–81 (9th Cir. 1984)).

[24] *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011).

[25] *See* ECF No. 8 at ¶¶ 11–12; ECF No. 48 at 10, 14.

[26] ECF No. 48 at 10, 14.

[27] *Id*. at 14.

4

1  property to be confiscated," did not "personally participate in the confiscation," and was not

2  "aware that Mr. Combs had his personal property confiscated."[28]

3        Alternatively, Combs alleges that Neven's and Williams's *inaction* violated his due-

4  process rights because they "ignor[ed] his grievances" and their "deliberate indifference . . .

5  allow[ed for] the deprivation of Combs'[s] property."[29]  But the record shows that none of

6  Combs's grievances about his loss of property was ignored.  Combs filed informal, first-level,

7  and second-level grievances about the loss of his property; each of them was denied.[30]  In filing

8  those grievances, Combs exhausted the grievance process.[31]  And the various denials of his

9  grievances demonstrate that the prison officials did not ignore them.  Because there is no genuine

10 issue of material fact about whether Neven or Williams personally participated in the taking of

11 Combs's property or that they ignored his grievances, I grant Neven and Williams summary

12 judgment on this claim.

13        **B.    An adequate post-deprivation remedy is available against Banks and Link.**

14             ***1.    Banks***

15       Banks does not dispute that she personally participated in taking Combs's property, but

16 she denies that this deprivation is constitutionally actionable.[32]  Although a prisoner can state a

17 claim under the due-process clause for an *authorized* deprivation of personal property (*i.e.*, a

18 deprivation carried out under an established state procedure, statute, or regulation)[33] an

19 _____

20 [28] *Id*. at 10.

   [29] ECF No. 8 at ¶ 98.

21 [30] ECF No. 48-1 at 10, 14 (grievance number 20063025894); ECF No. 48 at 43, 45, 49–50.

22 [31] *See* ECF No. 48-2 at 43–51; ECF No. 48-3 at 1–21 (NDOC Administrative Regulation (AR) 740).

23 [32] ECF No. 48 at 21.

   [33] *Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984).

*unauthorized* deprivation is only actionable if no meaningful post-deprivation remedy is available.[34]  Combs doesn't allege that Banks was directed by state procedure, regulation, or statute to remove most of the items in his cell, so his deprivation claim survives against her only if no adequate post-deprivation remedy is available to him.

The defendants point out that Nevada Revised Statutes (NRS) 209.243 provides Combs with an adequate post-deprivation remedy because it permits administrative claims by prisoners for the loss of their personal property.[35]  Indeed, the statute states that "[a] prisoner . . . may file an administrative claim with the Department to recover compensation for the loss of his or her personal property . . . arising out of a tort alleged to have occurred during his . . . incarceration as a result of an act or omission of the Department or any of its agents."[36]  Because Combs doesn't oppose the defendants' motion, he hasn't disputed this remedy's availability.  And Nevada law is clear that this statute provides a remedy for prisoners to use when seeking to recover compensation for lost personal property.[37]  I find that there are no genuine disputes as to the adequacy of this statutory post-deprivation remedy, so I grant Banks summary judgment on this claim.

---

[34] *Id.* at 533 (holding that "an unauthorized, intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available.").

[35] ECF No. 47 at 11 (citing Nev. Rev. Stat. § 209.243).

[36] Nev. Rev. Stat. § 209.243(1).

[37] *See, e.g.*, *Felix v. Dzurenda*, 2020 WL 3491011, at *4 (D. Nev. June 4, 2020) (describing that statute as "an administrative remedy for inmates to recover compensation for the loss of personal property").

### 2.    *Link*

Combs alleges that Link assisted Banks in removing his property from his cell.[38] Although Link doesn't move for summary judgment, a court may *sua sponte* grant summary judgment if the plaintiff is "'given reasonable notice that the sufficiency of his or her claim will be in issue.'"[39]  Combs had the opportunity to respond to the defendants' motion, which fully briefed this adequacy-of-a-post-deprivation-remedy issue.[40]  In that section, the defendants primarily refer to "HDSP staff," rather than Banks or Link by name, when describing the post-deprivation remedy available to Combs.[41]  This put Combs on notice that his due-process claim for property deprivation against "HDSP staff" was in peril for this reason.  And because Combs's due-process claim against Link turns on the same legal principle as his claim against Banks—adequacy of a post-deprivation remedy—it fails for the same reason, too.  So I *sua sponte* grant Link summary judgment on this claim because it would be legally inconsistent to permit the claim to move forward against Link but not Banks.

## II.    **Combs failed to exhaust administrative remedies for his due-process claim for disciplinary confinement.**

Combs alleges that Neven and Williams violated his due-process rights by moving him from level-two housing to level four after he was found not guilty of intending to hit Banks with

---

[38] ECF No. 8 at ¶¶ 19–20, 22, 24, 26, 29.

[39] *Verizon Del. Inc. v. Covad Comms. Co.*, 377 F.3d 1081, 1092 (9th Cir. 2004) (quoting *Buckingham v. United States*, 998 F.2d 735, 742 (9th Cir. 1993)).

[40] ECF No. 47 at 11–13.

[41] *Id.*

1    the shower shoe.[42]  He claims that the move was a form of "disciplinary confinement."[43]  The

2    defendants contend that Combs's claim must be dismissed because he did not exhaust his

3    administrative remedies before filing this claim.[44]  The Prison Litigation Reform Act (PLRA)

4    requires inmates to exhaust all available remedies before filing "any suit challenging prison

5    conditions."[45]  Failure to properly exhaust all available remedies as required by the PLRA is "an

6    affirmative defense the defendant must plead and prove."[46]  Once a defendant proves that there

7    was an available administrative remedy that the inmate did not exhaust, "the burden shifts to the

8    prisoner to come forward with evidence showing that there is something in his particular case

9    that made the existing and generally available administrative remedies effectively unavailable to

10   him."[47]  Nonetheless, the ultimate burden of proof remains with the defendant.[48]

11          The defendants have established, and Combs has not refuted, that he did not exhaust the

12   administrative process for this claim.  AR 740 outlines the grievance process and requires

13   inmates to first file an informal grievance.[49]  But the evidence doesn't show that Combs ever

14   filed an informal grievance about his reassignment to level-four housing; it shows only that he

---

[42] A formal charge and a finding of guilt is not required for removal from level two.  ECF No. 48 at 31 ("*any* staff reports of misbehavior" can "result in removal from [level-two] housing") (emphasis added).  Combs also claimed that he was in "level [four] disciplinary confinement" for almost four months, but Combs was moved to level-three housing after only one month at level four.  *See* ECF No. 8 at 8; *but compare* ECF No. 48 at 6.

[43] ECF No. 8 at ¶¶ 38–41.  A correctional caseworker at HDSP indicated in her sworn declaration that level-four housing is a general population unit designation and not a form of disciplinary confinement or segregation.  ECF No. 48 at 25.

[44] ECF No. 47 at 8.

[45] 42 U.S.C. § 1997e(a).

[46] *Jones v. Bock*, 549 U.S. 199, 204 (2007).

[47] *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014).

[48] *Id.*

[49] ECF No. 48-2 at 46.

filed a kite directed to his caseworker.[50]  So because the evidence doesn't show that Combs fully and properly exhausted his administrative remedies for this claim, I dismiss it as unexhausted.

### III.   Combs also failed to exhaust administrative remedies for his First Amendment retaliation claim.

Combs's retaliation claims against Ortiz and Banks similarly fail for lack of exhaustion. Combs alleges that Banks filed disciplinary charges against him in retaliation for his throwing of a shower shoe and use of "abusive language" and that Ortiz tampered with his mail in solidarity with Banks.[51]  The record is devoid of evidence that Combs filed a grievance about Banks's alleged retaliation.  At most, he mentioned the exchange with Banks within his grievance about his property, but he didn't grieve the retaliation issue.[52]  Nor did he exhaust the administrative process for his mail-tampering claim against Ortiz.  He filed at least six grievances related to those claims[53] but didn't follow the established procedure to exhaust any of them.[54]  So because Combs failed to exhaust the grievance process for his retaliation claims against Banks and Ortiz, I dismiss both claims as unexhausted.

---

[50] ECF No. 8 at ¶ 43 (indicating that Combs filed an inmate request form).

[51] *Id*. at ¶¶ 34, 44–57.

[52] ECF No. 48-1 at 11.

[53] *Id*. at 40–51.  *See* ECF 48-2 at 1–41.

[54] ECF No. 48-1 at 40–41; ECF 48-2 at 1–41.  *See also* ECF No. 47 at 15–17.

1

**Conclusion**

2        IT IS THEREFORE ORDERED that the defendants' motion for summary judgment

3 **[ECF No. 47] is GRANTED**.  The Clerk of Court is directed to **ENTER FINAL JUDGMENT**

4 **in favor of Williams, Neven, Banks, Ortiz, and Link** and **CLOSE THIS CASE**.

5                                                                        _____

6                                                                        U.S. District Judge Jennifer A. Dorsey
                                                                         March 9, 2022

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23